**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHRISTOPHER RANSOM,

                      Plaintiff,

          v.                                                                  22-CV-1310
                                                                           (DNH/DJS)

MS. COOK, *et al.*,

                      Defendants.

---

**APPEARANCES:**                                                   **OF COUNSEL:**

CHRISTOPHER RANSOM
21-A-2662
Plaintiff, *pro se*
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

HON. LETITIA JAMES                                                  NICHOLAS DORANDO, ESQ.
New York State Attorney General                                     Assistant Attorney General
Counsel for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Christopher Ransom brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights while he was in the custody of the Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1, Compl; Dkt. No. 11 at pp. 18-19 (identifying remaining statutory and

constitutional claims). Defendants have filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56(a), seeking to dismiss the Complaint based on Plaintiff's failure to properly exhaust his administrative remedies. Dkt. No. 19. Plaintiff opposes the Motion. Dkt. No. 21. Additional briefing was received and considered. Dkt. Nos. 22, 23, & 27.

For the reasons that follow, the Court recommends Defendants' Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND

The allegations in the Complaint concern the alleged failure of DOCCS officials to accommodate Plaintiff's physical disabilities. Dkt. No. 11 at pp. 5-7. At the time of the filing of the Complaint, Plaintiff was incarcerated at Clinton Correctional Facility. Compl. at p. 2. According to Plaintiff he filed a request for a reasonable accommodation of his disabilities, including requiring him to do less walking on October 26, 2022. Compl. at p. 7; Dkt. No. 21 at ¶ 3. On November 14, 2022, having received no response to that request, Plaintiff filed a grievance at Clinton Correctional Facility. Dkt. No. 21 at ¶ 4. That grievance was received by the Grievance Office at the facility on December 1, 2022. Dkt. No. 19-2, Gregory Decl., ¶ 16 & Ex. B. The matter was scheduled for a hearing on December 8, 2022. *Id.* at ¶ 17. On December 5, 2022, having not received a response to his grievance, Plaintiff drafted and mailed the Complaint in this action.

2

Compl. at p. 11; Dkt. No. 21 at ¶ 5.  The Complaint was received and docketed by the Court on December 7, 2022.  Compl; Dkt. No. 1-1.

## II. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a

3

summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Defendants seek summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Dkt. No. 19-4, Defs.' Mem. of Law at pp. 5-8. For the reasons which follow, the Court recommends that summary judgment is appropriate based on Plaintiff's failure to exhaust.

### A. Exhaustion Procedure

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Id.* at 524; *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) (stating that the mandatory language of § 1997e(a) forecloses judicial discretion to craft exceptions to the requirement). Furthermore, § 1997e(a) requires "proper exhaustion," which means using all steps of the administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*,

5

548 U.S. 81, 93 (2006). The defendant bears the burden of proving that the administrative remedies available to the plaintiff were not exhausted prior to the initiation of a civil action. *Howard v. Goord*, 1999 WL 1288679, at *3 (E.D.N.Y. Dec. 28, 1999).

In New York, the administrative remedies consist of a three-step Incarcerated Grievance Program ("IGP"). First, a grievance is submitted to the Incarcerated Grievance Resolution Committee ("IGRC"), a committee comprised of both inmates and facility employees. N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). An inmate must submit a grievance "within 21 calendar days of an alleged occurrence." *Id.* at § 701.5(a)(1). An inmate may request an extension of the time limit within forty-five days of the date of the alleged occurrence. *Id.* at § 701.6(g). The IGRC reviews and investigates the formal complaint and then issues a written determination. *Id.* at § 701.5(b). Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRC's determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Central Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of all three levels of review may a prisoner seek relief in federal court. *Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*,

*Porter v. Nussle*, 534 U.S. at 524); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

### B. The Record Regarding Exhaustion

The record in this case does not appear to be in dispute. Plaintiff filed a grievance regarding the accommodation of his disabilities. That grievance was dated November 14, 2022 and appears to have been received by the Clinton Correctional Facility Grievance Office on December 1, 2022. Gregory Decl. at ¶ 16 & Ex. B. On December 5, 2022, Plaintiff signed the Complaint in this action, which was received by the Court and docketed on December 7, 2022. Compl. at p. 12; Dkt. No. 1-1 at p. 4. Plaintiff's grievance was addressed at a meeting of the Incarcerated Grievance Resolution Committee. Gregory Decl. at ¶ 18. The resolution was that a transfer would be sought to accommodate Plaintiff's medical needs and that he would be transferred when space at a different facility was available. *Id.* Plaintiff appealed that determination on December 12, 2022. *Id.* at ¶ 19. After receiving a response from the Superintendent, Plaintiff appealed to CORC which received his appeal on January 23, 2023. *Id.* at ¶¶ 20-21.

"A plaintiff must exhaust his administrative remedies *before* filing his initial complaint in federal court." *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 582 (S.D.N.Y. 2015) (emphasis added); *see also Bowie v. Woodruff*, 2019 WL 7606078, at *5

7

(N.D.N.Y. Sept. 20, 2019), *report and recommendation adopted*, 2019 WL 5445519 (N.D.N.Y. Oct. 23, 2019). "When a prisoner does not properly exhaust his administrative remedies before filing suit, the action must be dismissed." *Mateo v. Alexander*, 2010 WL 431718, at *3 (S.D.N.Y. Feb. 9, 2010). "In this case, Plaintiff . . . effectively concedes that he sued just a few days after requesting administrative remedies, and before there was any decision on his administrative request." *Burgos v. Craig*, 307 F. App'x 469, 471 (2d Cir. 2008). Plaintiff admits that on December 5, 2022, without having received a response to his grievance, he filed this action. Dkt. No. 21 at ¶ 4. While he continued to pursue his remedies, "that is not enough to save his suit, because he is required to have properly exhausted before he sues." *Burgos v. Craig*, 307 F. App'x at 471.

### C. Whether Plaintiff's Failure to Exhaust Administrative Remedies May be Excused

A prisoner's failure to exhaust administrative remedies may nonetheless be excused if remedies were unavailable to the inmate. *Ross v. Blake*, 578 U.S. at 642. As the Supreme Court stated in *Ross*, "[a]n inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Id.* The Court provided three potential circumstances in which administrative remedies may be unavailable: (1) where the administrative procedure technically exists but operates as a "dead end - with officers

8

unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) where the administrative scheme is "so opaque that it becomes, practically speaking, incapable of use"; and (3) where prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44. Plaintiff bears the burden of establishing that the grievance procedures were unavailable within the meaning of *Ross*. *Martin v. Wyckoff*, 2018 WL 7356771, at *5 (N.D.N.Y. Oct. 16, 2018), *report and recommendation adopted*, 2019 WL 689081 (N.D.N.Y. Feb. 19, 2019). Plaintiff makes no argument that the grievance process was unavailable to him and thus cannot carry that burden. *See White v. Williams*, 2016 WL 4006461, at *5 (N.D.N.Y. June 22, 2016), *report and recommendation adopted*, 2016 WL 4005849 (N.D.N.Y. July 25, 2016). Indeed, he continued to pursue his remedies under the DOCCS grievance program after filing the Complaint.

      Plaintiff also seems to argue that because he received "full relief" on his grievance he was under no obligation to proceed through the entire grievance process. Dkt. No. 21 at ¶ 15. This argument fails both because this action was filed before any action was taken on the grievance at all and despite the favorable outcome of his initial grievance Plaintiff continued to pursue the appeal process in any event.

9

For these reasons, the Court recommends that the Defendant's Motion for Summary Judgment be granted based on Plaintiff's failure to exhaust his administrative remedies.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 19) be **GRANTED**; and it is further

**RECOMMENDED**, that the Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human*

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 20, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge