UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER RANSOM,

        Plaintiff,

        -v-                9:22-CV-1310

MS. COOK *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

CHRISTOPHER RANSOM
Plaintiff, Pro Se
21-A-2662
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

HON. LETITIA JAMES            NICHOLAS W. DORANDO, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

    On December 7, 2022, *pro se* plaintiff Christopher Ransom ("plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this civil rights action alleging that

some officials at Clinton Correctional Facility violated the Americans with Disabilities Act ("ADA") and the Eighth Amendment by, *inter alia*, failing to accommodate his request for an accommodation. Dkt. No. 1. Along with his complaint, plaintiff also sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3, 7.

On January 24, 2023, this Court granted the IFP Application, conducted an initial review of plaintiff's pleading, and dismissed some of his claims against certain named defendants. Dkt. No. 11. Thereafter, the remaining defendants moved for summary judgment based on plaintiff's alleged failure to exhaust his available administrative remedies. Dkt. No. 19. Plaintiff opposed, Dkt. No. 21, defendants replied, Dkt. No. 22, and then plaintiff filed a sur-reply, Dkt. No. 23.

On February 20, 2024, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion be granted and plaintiff's complaint be dismissed. Dkt. No. 28. As Judge Stewart explained, the undisputed record established that plaintiff filed this federal court complaint before completing the administrative process. *Id.* Indeed, plaintiff's own briefing indicates that he actually received "full relief" on his administrative grievance: the IGRC resolved to seek a transfer for plaintiff to better accommodate his medical needs. *Id.*; *see also* Dkt. No. 21 ¶¶ 6–10.

Plaintiff has filed objections. Dkt. No. 29. There, plaintiff "conced[es]" that defendants' motion for summary judgment is warranted. However, he contends that this case should not count against him as a so-called "strike" for purposes of the PLRA. Plaintiff also argues that he should be excused from paying a second filing fee when he re-files "this same claim."

Upon *de novo* review, the R&R is accepted and will be adopted in all respects. *See* 28 U.S.C. § 636(b)(1)(C). Plaintiff's written objections do not afford any basis on which to depart from Judge Stewart's R&R. As for plaintiff's arguments about the PLRA "strike" and the second filing fee, the Court cannot entertain those questions in this posture—they are arguments properly made when (and if) plaintiff files another case. That said, it bears noting that an inmate who has admittedly received "full relief" through the administrative process probably does not have a meritorious civil rights claim based on the same exact fact pattern.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 28) is ACCEPTED;

2. Defendants' motion for summary judgment (Dkt. No. 19) is GRANTED; and

3. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: March 15, 2024
       Utica, New York.

_____
David N. Hurd
U.S. District Judge